IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRY H. STUCKEY                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:18-cv-668-HTW-LRA

SULLIVAN'S GROCERY                                                                  DEFENDANT

## COMPLAINT

### (PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS)

Plaintiff Jerry H. Stuckey files this Complaint for damages against Defendant Sullivan's Grocery, by and through his counsel of record, stating grounds as follows:

### PARTIES

1. Plaintiff Jerry Stuckey is an adult resident citizen of the State of Mississippi residing at 4329 Highway 80, Vicksburg, MS 39180.

2. Defendant Sullivan's Grocery, Inc. is a Mississippi company with its principal place of business located at 201 Franklin Street, Post Office Box 367, New Hebron, MS 39140. It may be served with process by service upon its owner and/or president, Steve Sullivan, at 201 Franklin Street, Post Office Box 367, New Hebron, MS 39140.

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under the Age Discrimination in Employment Act, 29 U.S.C. § 631. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

1

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court as the facts giving rise to this complaint occurred in whole or in part within the Southern District of Mississippi.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within one hundred eighty (180) days of the last act of discrimination he suffered. (Ex. "A", Charge of Discrimination). The EEOC issued a Notice of Right to Sue on June 28, 2018. (Ex. "B", Notice of Right to Sue). Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## FACTS

6. Plaintiff Jerry Stuckey was formerly employed by County Market in Vicksburg, Mississippi for over twenty-eight (28) years, the last twenty-two (22) as manager. On September 27, 2018, Southeast Foods, the former owner of County Market, sold the store to Sullivan's Grocery. At the time of the store purchase, Sullivan's Grocery retained all County Market employees in their same titles, duties, and rates of pay. During his tenure with Sullivan's Grocery, he never received anything less than above-average performance evaluations and was clearly well-qualified for his job.

7. By November, 2017, Plaintiff was working six (6) days a week, 60-70 hours per week, because Defendant had fired one of the other managers. At the time of the purchase, Defendant had five (5) other stores. Defendant demonstrated poor communication skills and were not responsive to problems in the Vicksburg store, making it clear that Plaintiff was responsible for all store operations. Despite his heavy workload, Plaintiff continued to perform at a high level, as evidenced by the fact that the new owners essentially made no comments to him and allowed him to run the store as before.

8. Plaintiff continued to manage the store without incident, as he had done for twenty-two (22) years, until January 16, 2018. On that date, an ice storm hit Vicksburg. Glenn Frye, Plaintiff's manager, instructed Plaintiff to close the store early because of ice. The next day, Plaintiff discovered that the ice cream had melted in the store and held Plaintiff responsible for this minor incident. He informed Plaintiff that he should write somebody else up for this incident. This minor incident and one other involving a disgruntled customer who was mad over bad produce were the only negative incidents that occurred under Plaintiff's management of the Vicksburg store while owned by Sullivan's Grocery, until the sexual harassment investigation led by Plaintiff that led to his discriminatory termination.

9. At some point after the purchase of the store by Defendant, the meat manager at Sullivan's Grocery rehired an employee that had previously been fired by the store. Plaintiff had even labelled the subject employee a "no rehire" because of the previous problems. Nevertheless, the meat manager rehired this employee, who then proceeded to become physically violent and make terroristic threats over the next several weeks. Plaintiff finally fired this employee. The meat manager who rehired the violent former employee, putting store employees at risk, was not subjected to any discipline.

10. A few weeks after this incident, an employee made a complaint of sexual harassment against an assistant manager. Plaintiff fully investigated the complaint, interviewing at least seven (7) employees who had worked with them, and determined that the employee had brought this charge in retaliation for potentially losing her job. Employees in fact had informed Plaintiff that the complaining employee had done the same thing at a previous job and was trying to get other employees to believe her story.

11. After Plaintiff informed this employee of his findings, she became and continued to be insubordinate. She then complained to the HR Department of Defendant. Plaintiff was asked by HR to send in a timeline of events relative to his investigation of the sexual harassment complaint, which he did. Shortly thereafter, Glenn Frye came to the Vicksburg store and fired Plaintiff for "gross neglect, no confidence and putting the business at risk for failing to report the sexual harassment complaint to HR." HR had not even received Plaintiff's report at the time he was terminated. Subsequent to HR's investigation of the complaint, the two employees continued to work together, with the assistant manager later promoted to store manager in Monroe, LA.

11. At the time of his termination, Mr. Stuckey was 55 years old and within the ADEA-protected class. Mr. Stuckey, who was qualified for the job by virtue of his twenty-two (22) years of unblemished service as store manager, was replaced by a younger employee who had a lower salary than Mr. Stuckey, and was otherwise discriminated against on account of his age.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

b. Compensatory damages against Defendant in an amount to be determined by the jury;

c. Punitive damages against Defendant in an amount to be determined by the jury;

d. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Mississippi law; and

e. Such further relief as is deemed just and proper.

Respectfully submitted, this the 26th day of September, 2018.

JERRY STUCKEY, PLAINTIFF

By: _____
PHILIP C. HEARN, Attorney for Plaintiff

OF COUNSEL:

Philip C. Hearn, Esq. (MSB #9366)
HEARN LAW FIRM, P.A.
1510 N. State Street, Suite 301
Post Office Drawer 5009
Jackson, Mississippi 39296-5009
Telephone: 601.321.9539
Facsimile: 601.321.9537
Email: philiphearn@yahoo.com